Thelma B. WASESCHA, Plaintiff
and Respondent,

v.

TERRA, INC., and LaMar S. Wasescha,
Defendants and Appellants.

TERRA, INC., a Utah Corporation, Cross-
Claimant and Appellant,

v.

LaMar S. WASESCHA, Cross-Defendant.

No. 13668.

Supreme Court of Utah.

Nov. 14, 1974.

Richard M. Day (for Terra, Inc.), of Meredith, Barber & Day, Alan D. Frandsen, Salt Lake City (for Terra, Inc.), for defendants-appellant.

Bryce E. Roe, of Roe & Fowler, Salt Lake City, for Thelma Wasescha.

Herschel J. Saperstein, of Moyle & Draper, Salt Lake City, for LaMar S. Wasescha.

ELLETT, Justice:

The Waseschas borrowed $5,000 from Terra, Inc., on October 8, 1970, and gave a note secured by a mortgage on realty which Mrs. Wasescha owned jointly with her prior husband. The Waseschas promised to pay 18 per cent interest per year on unpaid balances. They made some payments but later became in arrears pursuant to the terms of the note and mortgage.

On January 4, 1972, the Waseschas got a release of the mortgage and borrowed money from a savings and loan association in order to buy the interest of Mrs. Wasescha's former husband. Terra, Inc., released its mortgage in order for the loan to be obtained from the savings and loan association and then took a subsequent mortgage from the Waseschas and filed it with the county recorder.

On June 15, 1973, Mrs. Wasescha filed a suit against Terra, Inc., and her husband, wherein she alleged that the mortgage was obtained by fraud and that the interest rate was in excess of that permitted by law.[1] She prayed that the transaction of October 8, 1970, be rescinded, that excessive interest charges collected by Terra, Inc., be set off against any amount found to be due on the note, and that the mortgage be declared to be null and void.

Issues were joined by answer of Terra, Inc. A counterclaim was filed against Mrs. Wasescha and a cross claim made against Mr. Wasescha whereby Terra, Inc., sought to foreclose its mortgage, etc. On February 16, 1974, Mrs. Wasescha and Terra, Inc., through their counsel, stipulated that Mrs. Wasescha might file a supplemental complaint showing that she had paid off the note and mortgage held by Terra, Inc., and Terra, Inc., acknowledged receipt of a copy of the supplemental complaint as of that day. Three days later Mrs. Wasescha and her husband entered into a similar stipulation. Leave to file the supplemental complaint was granted by the court pursuant to stipulation on March 4, 1974, and the order recited:

Service of the supplemental pleadings shall be deemed to have been made upon defendant Terra, Inc., on February 16, 1974, and on defendant LaMar S. Wasescha on February 19, 1974.

On March 6, 1974, Terra moved to file an amendment to its pleadings to set forth an accord and satisfaction, which motion was by the court denied on March 12, 1974.

Trial was had on March 13, 1974, and Terra, Inc., appeals from an adverse judgment. Its first assignment of error is directed at the refusal of the court to permit it to file an amendment to set forth accord and satisfaction.

Rule 8(c) of the Utah Rules of Civil Procedure provides that the affirmative defense of accord and satisfaction must be set forth affirmatively. This Terra, Inc., attempted to do. However, Rule 15, Utah Rules of Civil Procedure, provides:

. . . A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

In this case the court did not otherwise order. Here the amended complaint was served upon Terra, Inc., on February 16, 1974, and Terra, Inc., was obligated to answer within 10 days thereafter. It did not do so but belatedly filed a motion for permission to do so on March 6, 1974.

1. Section 70B–3–201, U.C.A.1953, as amended (Replacement Vol. 7B, 1973 Pocket Supplement).

Whether the motion should have been granted lay within the sound discretion of the trial court. Inasmuch as trial was set for March 13, we cannot say that the court abused its discretion in refusing to permit Terra, Inc., to do that which it had a right to do some eight days earlier.

Other assignments of error relate to remedies afforded Mrs. Wasescha under the Uniform Consumer Credit Code.

■ Terra, Inc., claims that it was not a person regularly engaged in the business of making loans. It is true that most of its business activities consisted of buying real estate contracts at a discount. However, it did make loans and had a license so to do.

Terra, Inc., also contends that the court erred in finding that it did not make disclosure or give notice of the right to rescind.[2]

The transaction was made October 8, 1970. No disclosure or notice of right to rescind was given at the time. It was not until the State made an audit of the books of Terra, Inc., that a notice was sent, to wit: on or about June 30, 1971. Both of the Waseschas denied ever receiveing the notice. However, it is not material to this case whether they did or did not receive it. The notice purportedly given June 30, 1971, informed the Waseschas that they might rescind the agreement at any time prior to midnight of October 11, 1970.

While the statute provides that the debtor has three days after notice in which to rescind, it further provides:[3] ". . . The creditor shall clearly and conspicuously disclose, . . . to the debtor . . . the rights of the debtor under this section. . . ."

■ The notice given to the effect that the debtors might rescind up until some eight months prior to notice does not *clearly* inform them of their rights.

■ Mr. Wasescha did not appear at trial, and Terra, Inc., assigns as error the failure of the trial court to award attorney's fees against him.

The answer to that matter is that the president of Terra, Inc., told Mr. Wasescha when he gave a pay-off figure that he did not want anything save his principal and interest. He got that, and the only party to be awarded anything in the judgment is Mrs. Wasescha.

■ The Waseschas wished to sell their home and requested a pay-off figure from Terra, Inc. In order to sell, they had to pay off the mortgage held by Terra, Inc. This they voluntarily did while their suit to rescind was pending. Terra, Inc., now contends that the right to rescind the contract pursuant to Section 70B–5–204 was waived by the Waseschas when they voluntarily paid the note and obtained release of the mortgage. They made no protest, and there was nothing to advise Terra, Inc., that the matter was not being settled.

The Waseschas now claim that they were economically duressed into paying the note because they were being transferred away from Utah and had to sell their home.

There are two answers to that contention. In the first place, there was no compulsion to sell the home. They could have rented it. In the second place, Terra, Inc., had nothing whatsoever to do with their need or desire to sell.

The question then poses itself: Can a party fully execute a voidable contract and then rescind it?

In this case the right to rescind is given by the statute, and that right continues until three days after notice is given by the creditor to the debtor that he has a right to rescind. Since the notice dated June 30, 1971, even if given, did not comply with the statute,[4] it did not matter whether or not it was received by the Waseschas.

---

2. Section 70B–5–204, U.C.A.1953, as amended (Replacement Vol. 7B 1973 Pocket Supplement).

3. *Id.*

4. *Id.*

Other assignments of error are made by appellant. We have considered them and find them to be without merit.

The judgment is affirmed. Respondent is entitled to costs on appeal.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.